# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Leda Dunn Wettre**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

January 25, 2021

To:    All parties of record

## REPORT & RECOMMENDATION

Re:    *Kuku v. Olushola et al.*, No. 20-cv-4370 (SDW) (LDW)

Dear Litigants:

Before the Court is *pro se* plaintiff Adekunle Kuku's Motion for Leave to File an Amended Complaint. (ECF No. 19). Because this matter has been dismissed with prejudice, (ECF No. 18), the Court construes plaintiff's motion as a request to vacate dismissal and reopen the case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. No opposition to the motion has been filed. For the reasons that follow, the Court respectfully recommends that the motion be **DENIED**.

By Order dated October 7, 2020, the Hon. Susan D. Wigenton, U.S.D.J. dismissed plaintiff's claims against Judge Marcella Matos Wilson with prejudice, dismissed plaintiff's claims against Olushola Augustine, Ejike Uzor, Adebimpe Ilori, Adegboyega Ogunsanya, Olayinka Adegbayi, Redeemed Christian Church of God, and Winner's Chapel without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and gave plaintiff 30 days to file an amended complaint. (ECF No. 17). Plaintiff did not file an amended complaint within the time stated, nor did he request an extension of time to do so. Accordingly, by Order dated December 2, 2020, Judge Wigenton dismissed plaintiff's complaint with prejudice and marked this matter as closed. (ECF No. 18). On January 5, 2020, two months after the deadline for filing an amended complaint had passed, and one month after Judge Wigenton dismissed his claims with prejudice, plaintiff filed the instant motion to amend the complaint to assert claims against Olushola Augustine, his ex-wife, and Ejike Uzor, her attorney, for violation of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931.[1] (ECF No. 19). Plaintiff contends that he was "on various active duty military orders from July 31

---

[1] Plaintiff alleges that defendants Augustine and Uzor obtained a February 15, 2018 order in New Jersey Family Court proceedings authorizing them to deposit insurance proceeds in Uzor's attorney trust account to pay for home repairs, but no repairs were made. Plaintiff seeks to assert claims for violation of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, which protects members of the military against default judgments during their service. Plaintiff asserted an identical claim against defendant Uzor in a previously filed action, which was dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kuku v. Wilson*, Civ. A. No. 18-14333 (SDW) (LDW), ECF No. 8 (D.N.J. Nov. 5, 2018).

to November 27th 2020" and that he was "unable to respond to the [October 7, 2020] court order in a timely manner." (*Id.* at 2). As best the Court can discern from the documents submitted, plaintiff attended 14 days of annual training in Staten Island, New York in August 2020 (weeks before the time to file an amended complaint commenced), 13 days of active duty training school in Fort Lee, Virginia in October 2020, and 10 days of active duty training school in Staten Island in late November 2020 (after the deadline to file an amended complaint had passed). (*Id.*).

As Judge Wigenton's December 2, 2020 Order dismissed plaintiff's claims with prejudice and closed the case, it is a final order. *Aluminum Co. of Am. v. Beazer East, Inc.*, 124 F.3d 551, 557 (3d Cir. 1997) (a final order is one that "fully resolve[s] all claims presented to the district court" such that there is "nothing further for the district court to do"). The Court may relieve a party from a final judgment or order on the basis of, among other things, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). The Court construes plaintiff's motion to amend as seeking to vacate Judge Wigenton's December 2, 2020 Order on the basis of excusable neglect and pursuant to the catchall provision of Rule 60(b)(6).

In determining whether plaintiff's neglect of the deadline to file an amended complaint was "excusable," the Court must "tak[e] account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court acknowledges that several of these factors could weigh in favor of plaintiff's request. First, the risk of prejudice to defendant Augustine is low, but reopening this matter to allow plaintiff to reassert the Servicemembers Civil Relief Act claim against defendant Uzor would force Uzor to defend against a claim the Court has already dismissed. Second, plaintiff's one-month delay in seeking to amend is relatively short. Third, there is nothing in the record to suggest that plaintiff has acted in bad faith, and the Court is mindful of his *pro se* status.

However, it is difficult for the Court to find that plaintiff's failure to file an amended complaint within 30 days of the Court's October 7, 2020 Order is due to "excusable neglect" when plaintiff offers no real excuse for missing the deadline. There is no suggestion that plaintiff did not receive timely notice of the Order setting the deadline for an amended pleading. *Cf. Wisehart v. Wisehart*, Civ. A. No. 15-2768, 2016 WL 6824365, at *3 (D.N.J. Nov. 17, 2016) (finding excusable neglect and vacating order dismissing claims with prejudice where *pro se* plaintiff was not served with order setting deadline for filing an amended pleading). The Court understands that plaintiff attended military training for 13 days of the 30-day period to amend, but he offers no explanation as to why such training prevented him from complying with the Court's October 7, 2020 Order or from requesting an extension of time to do so. Nor does plaintiff put forth any justification for his failure to comply in the time remaining after he completed the period of training. Considering the totality of the circumstances presented, the Court finds that the bald statement that plaintiff "was unable to respond to the court order in a timely manner" is insufficient to justify relief under Rule 60(b)(1). *See Tally v. Pa. Dep't of Corr.*, Civ. A. No. 16-2074, 2020 WL 1183873, at *3 (M.D. Pa. Mar. 12, 2020) (noting that "[i]nsufficient showings for relief [under Rule 60(b)(1)] include when the party . . . did not proceed with the case, did not keep track of its progress, or failed to comply with an order of the court, all of which are viewed as culpable conduct of the party" (quotation omitted)); *Den Be ex rel. Bell v. Hamilton Twp. Mun. Ct.*, Civ. A. No. 07-1588, 2008 WL 5156683, at *3 (D.N.J. Dec. 5, 2008) (denying Rule 60(b)(1) motion where "the only explanation Plaintiff has offered for the delay, 'heedlessness,' is not a compelling excuse and was certainly 'within the reasonable control of

the movant'") (quoting *Pioneer*, 507 U.S. at 395)). Similarly, plaintiff's attendance at 13 days of military training, standing alone, is not an "exceptional circumstance" warranting "extraordinary relief" under Rule 60(b)(6). *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988).

      For the foregoing reasons, the Court recommends that plaintiff's motion to reopen this matter and file an amended complaint (ECF No. 19) be **DENIED**. The parties are hereby notified that, in accordance with Rule 72(b) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J. The Clerk of Court is directed to serve a copy of this Report and Recommendation on *pro se* plaintiff by U.S. Mail.

                       *s/ Leda Dunn Wettre*
                       Hon. Leda Dunn Wettre
                       United States Magistrate Judge

Orig:  Clerk
cc:    Hon. Susan D. Wigenton, U.S.D.J.